# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**BAUTISTA CAYMAN ASSET COMPANY,**

    **Plaintiff,**

    v.

**ELVIS MARTÍNEZ EVANGELISTA, et al.,**

    **Defendants.**

**Civil No. 16-2359 (ADC)**

## OPINION AND ORDER

On July 15, 2016, plaintiff Bautista Cayman Asset Company commenced this diversity foreclosure action against Elvis Martínez Evangelista, María Betancourt Boria, their Conjugal Partnership (collectively, "defendants"), and the United States of America, by filing a complaint seeking to collect a debt allegedly owed by defendants and, if defendants are unable to pay the debt, to foreclose on real property in San Juan, Puerto Rico, allegedly used as collateral to secure the debt. **ECF No. 1**. Meanwhile, the United States allegedly holds junior liens on the collateral properties. *Id*., at ¶ 8. Defendants have timely moved the Court to dismiss the complaint on the grounds that plaintiff failed to include an indispensable non-diverse party in the action and that plaintiff lacks capacity to sue. **ECF No. 14**. Plaintiff has responded in opposition to the motion, contending that the allegedly indispensable non-diverse party is only its attorney-in-fact, which should not factor into the diversity analysis, and that it has the capacity to sue. **ECF No. 21**. The Court denies the motion to dismiss and orders defendants to answer the complaint forthwith.

Plaintiff alleges that it is incorporated in the Cayman Islands and has its principal place of business in Texas. **ECF No. 1**, ¶ 3; see also 28 U.S.C. § 1332(c)(1). Plaintiff alleges further that defendants are citizens of Puerto Rico. **ECF No. 1**, ¶¶ 9; see also 28 U.S.C. § 1332(e). Moreover, plaintiff seeks to recover hundreds of thousands of dollars from defendants. *Id.*, at ¶ 47. Thus, plaintiff has invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). *Id.*, at ¶ 9.

The Court has "subject-matter jurisdiction over cases in which the amount in controversy exceeds $75,000 and where the parties are 'citizens of different States.'" *Aponte-Dávila* v. *Mun. of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016) (quoting 28 U.S.C. § 1332(a)(1)). However, "[d]iversity must be complete – 'the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action.'" *Id.* (quoting *In re Olympic Mills Corp.*, 477 F.3d 1, 6 (1st Cir. 2007)). It is settled law that "a plaintiff cannot circumvent complete diversity by artful pleading; otherwise, 'a plaintiff could leave non-diverse defendants out of the original lawsuit and then wait for them to be impleaded or otherwise joined.'" *In re Olympic Mills Corp.*, 477 F.3d at 11 (quoting *Acton Co., Inc. of Mass.* v. *Bachman Foods, Inc.*, 668 F.2d 76, 79 (1st Cir. 1982)). And, if it turns out that an "indispensable" non-diverse party has been artfully left out of the complaint, "the entire case must be dismissed for want of subject-matter jurisdiction." *Id.*, at 8 (citing *Provident Tradesmens Bank & Tr. Co.* v. *Patterson*, 390 U.S. 102, 116–19 (1968)).

Defendants do not contest plaintiff's allegations about the citizenship of the parties. See **ECF No. 14**. Rather, they claim that complete diversity does not exist because an indispensable non-diverse party, Capital Crossing Servicing Puerto Rico LLC ("Capital Crossing"), must be

joined as a co-plaintiff. See *id.*, at 4–9. Defendants assert that Capital Crossing are "agents" of plaintiff's charged with the responsibility "to engage in servicing the loan, and engage in any negotiating with [defendants]." *Id.*, at 3, 6–7. Plaintiff concurs that Capital Crossing is "simply" its "servicing agent," **ECF No. 21**, at ¶¶ 4–5, appending to its motion opposition a notarized "Limited Power of Attorney" that purports to establish Capital Crossing as plaintiff's attorney-in-fact, empowered to operate in the mortgage-foreclosure arena "for [plaintiff's] benefit," **ECF No. 21-1**, at 3. See *Carroll* v. *United States*, 661 F.3d 87, 94 (1st Cir. 2011) ("In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, we construe plaintiffs' complaint liberally and ordinarily 'may consider whatever evidence has been submitted, such as . . . depositions and exhibits.'") (ellipsis in original) (quoting *Aversa* v. *United States*, 99 F.3d 1200, 1209–10 (1st Cir. 1996)). Defendants claim that Capital Crossing is an indispensable party because it "has been negotiating with [them]" on plaintiff's behalf. **ECF No. 14**, at 3.

The Court agrees with plaintiff that Capital Crossing is not a required party to this action. See **ECF No. 21**, at ¶¶ 19–29. Defendants admit that Capital Crossing is simply plaintiff's agent. See **ECF No. 14**, at 6–7. Plaintiff has shown that Capital Crossing may operate on its behalf and "for [its] benefit" pursuant only to a limited power of attorney. See **ECF No. 21-1**, at 3. And, no one disputes that plaintiff, thus, is the only real party in interest when it comes to the collection of defendants' alleged debt. See Fed. R. Civ. P. 17(a). At best, defendants claim that "certain of the [p]laintiff[']s allegations relate to the conduct [of] Capital Crossing." **ECF No. 14**, at 7. But that does not show that Capital Crossing, acting as plaintiff's agent, has any interests of its own

in this litigation. In fact, defendants do not appear to believe otherwise. Rather, they argue that Capital Crossing must be joined to the action so that they may "defend" against the complaint "with the representations that were made to [them] by Capital Crossing." *Id.*, at 8. But, as a general matter, when agents make representations "in the course of their official duties, . . . as a practical and legal matter their acts are attributed to their principal." See *Ziglar* v. *Abbasi*, 137 S. Ct. 1843, 1867 (2017); see also *Rodríguez de Oller* v. *Transamerica Occidental Life Ins. Co.*, 171 D.P.R. 293, 308 (P.R. 2007) (similar). And, if the agent's representations are properly attributable to plaintiff, the Court sees no reason why their admissibility would turn on whether the agent is also party to the suit. See Fed. R. Evid. 801(d)(2)(D). Thus, defendants are wrong to claim that, on that grounds, Capital Crossing is an indispensable party. In sum, based on the information now before it, the Court finds that the citizenship of Capital Crossing is irrelevant to whether diversity exists in this action. *Airlines Reporting Corp.*, v. *S and N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995) (ignoring, for purposes of diversity, the citizenship of a party serving only as "a mere conduit for a remedy owing to others, advancing no specific interests of its own," because it was not a real party in interest) (citing *McNutt* v. *Bland*, 43 U.S. 9, 13–14 (1844)).

Defendants also argue that plaintiff has failed to show that it has capacity to sue in federal court. **ECF No. 14**, at 4; see also Fed. R. Civ. P. 17(b). However, capacity to sue is an affirmative defense that, by the way, can be waived. See *Marston* v. *Am. Emp'rs Ins. Co.*, 439 F.2d 1035, 1041 (1st Cir. 1971); see also *RK Co.* v. *See*, 622 F.3d 846, 849 n.2 (7th Cir. 2010) ("The Federal Rules of Civil Procedure . . . clearly state that capacity to sue must be raised in a specific denial in an

appropriate pleading or amendment.") (citing Fed. R. Civ. P. 9(a)). Accordingly, the Court finds no fault in plaintiff failing to prove its capacity to sue in its complaint.

Although the Court is denying the motion to dismiss for lack of diversity jurisdiction, the Court nonetheless finds that the jurisdictional facts alleged in the complaint may be insufficient to establish the existence of diversity. On the one hand, in its complaint, plaintiff identifies itself as "an exempt, for-profit corporation, organized and existing under the laws of the Cayman Islands." **ECF No. 1**, at ¶ 3. On the hand, in responding to defendants' claim that it does not have capacity to sue in federal court, plaintiff did not stand its ground on the basis of Caymanian law, which one would expect a corporation to do pursuant to Federal Rule of Civil Procedure 17(b)(2), but on the basis of Puerto Rico law, which one would expect unincorporated entities to do pursuant to Rule 17(b)(3). See **ECF No. 21**, at 12–18.

In conclusion, the Court hereby **DENIES** defendants' motion to dismiss, see **ECF No. 14**, and **ORDERS** defendants to answer the complaint forthwith. Indeed, the Court had previously ordered defendants to answer the complaint by February 14, 2017. See **ECF No. 13**. The Court also **ORDERS** plaintiff, within the next seven (7) days, to specify the particular type of entity it is and to file, if it is indeed a corporation, a disclosure statement as Local Civil Rule 7.1 requires.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of July, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**